**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DARIN M. WILSON,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Appellant-Defendant,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀vs.⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀No. 84A01-1309-CR-382
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
STATE OF INDIANA,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀Appellee-Plaintiff.⠀⠀⠀⠀⠀)

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable John T. Roach, Judge
Cause No. 84D01-1301-FB-294

**February 10, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Darin M. Wilson appeals his sentence for burglary as a class B felony. Wilson raises one issue which we revise and restate as whether his sentence is inappropriate in light of the nature of the offense and the character of the offender. We affirm.

FACTS AND PROCEDURAL HISTORY

On or about January 28, 2013, Wilson broke and entered the dwelling of Kenneth Williams in Terre Haute with the intent to commit theft. On or about the same day, Wilson recklessly, knowingly, or intentionally damaged Williams's property including a door frame, two windows, carpets, and other items resulting in a loss of at least $2,500. The same day, Wilson knowingly fled from a law enforcement officer after the officer identified himself and ordered Wilson to stop.

On February 1, 2013, the State charged Wilson with Count I, burglary as a class B felony; Count II, criminal mischief as a class D felony; and Count III, resisting law enforcement as a class A misdemeanor, and alleged that Wilson was an habitual offender. The court scheduled a trial for July 8, 2013.

On the day of the scheduled trial, Wilson pled guilty to all three counts and to being an habitual offender pursuant to a plea agreement. As part of the plea agreement, charges were dismissed under another cause number which included three counts of receiving stolen property as class D felonies, two counts of possession of paraphernalia as class A misdemeanors, and another allegation that Wilson was an habitual offender. The plea agreement also provided that certain probation violations would be dismissed under another cause number. The court accepted Wilson's plea and scheduled a sentencing hearing.

On August 12, 2013, the court held a sentencing hearing. Shirley Williams, Kenneth Williams's wife, asked why Wilson chose their house, and Wilson stated:

> To be honest, it wasn't no type of prearranged set up. My co-defendant in this case was familiar with that area, lives out in that area, that's exactly where he drove to and that's what happened. I mean in no way, shape or form was it suppose to – I didn't know the people at all. I didn't – so I mean I didn't pick their house out of like a hatred or anything, nothin' as that, I was just on drugs and out of my mind, and my buddy said this is what we're gonna do, and that's what happened.

Sentencing Transcript at 4. Wilson also testified that on his first offenses he participated in drug treatment in the Department of Correction but was transferred and was not allowed into treatment at the new facility. He also attempted but did not complete an IOP as a condition of probation. He did not avail himself of any other treatment. The prosecutor requested on his own that the court sentence Wilson to concurrent sentences of twenty years for burglary, three years for criminal mischief, and one year for resisting law enforcement, and that the court enhance his sentence by twenty years on the habitual offender allegation for an aggregate sentence of forty years.

The court found Wilson's criminal history and the fact that he was on probation when he committed the instant offenses as aggravators and found no mitigating factors. The court sentenced Wilson to twenty years for Count I, burglary as a class B felony, three years for Count II, criminal mischief as a class D felony, and one year for Count III, resisting law enforcement as a class A misdemeanor. The court ordered the sentences to be served concurrently and enhanced the sentence under Count I by ten years due to Wilson's status as an habitual offender for an aggregate sentence of thirty years.

3

DISCUSSION

The issue is whether Wilson's sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

Wilson argues that a sentence above the advisory was not warranted because his conduct was no more serious than that of any other person who burglarizes a home. He argues that "[i]t does not appear that either [he or his acquaintance were] armed at the time" and when the homeowners arrived "neither Wilson nor his cohort attempted to attack the homeowners; instead, they both ran away." Appellant's Brief at 3. He asserts that nearly all of his prior criminal history involved property crimes such as burglary and theft. Wilson points out that he "explained to the trial court at sentencing that his criminal behavior is the direct result of his drug addiction, which he has suffered from since the age of twelve." Id. at 4. He also notes that he addressed the victim and answered her questions in order to provide her with some closure, and argues that this sheds positive light on his character.

Our review of the nature of the offense reveals that Wilson broke and entered the dwelling of Kenneth Williams in Terre Haute with the intent to commit theft. On or about the same day, he recklessly, knowingly, or intentionally damaged Williams's

4

property including a door frame, two windows, carpets, and other items resulting in a loss of at least $2,500. The same day, he knowingly fled from a law enforcement officer after the officer identified himself and ordered him to stop.

Our review of the character of the offender reveals that Wilson pled guilty as charged on the day of the trial and that multiple counts and a petition to revoke probation under other cause numbers were dismissed. The presentence investigation report ("PSI") indicates that Wilson has a severe substance abuse problem, that he began using alcohol at age twelve, and that he has used marijuana, LSD, methamphetamine, and cocaine. Wilson reported using alcohol five times a week, and Xanax and methamphetamine as often as he could acquire them. The PSI indicates that Wilson had been assessed for substance abuse at Hamilton Center on at least two occasions, "but treatment was never completed." PSI at 7. A discharge summary dated May 17, 2005, from the Hamilton Center indicates that Wilson "failed to follow through with treatment recommendation." Id. at 43. Wilson reported that he did not "really have any leisure activities" and that "when he had free time, he was mostly 'getting high.'" Id. at 7. The trial court rejected Wilson's proposed mitigator of his drug abuse and stated in its order:

> The court rejects [Wilson's] request to consider as mitigating that he has a long and serious history of drug abuse, including during his 'formative years,' and that his crimes were the result of his drug use. [Wilson] has had numerous opportunities for a "wake up call", but after each of his prior felony burglary convictions, he chose to do the exact same thing.

Appellant's Appendix at 52.

In 2002, Wilson pled guilty to minor in possession of alcohol as a class C misdemeanor and resisting law enforcement as a class A misdemeanor. In 2003, Wilson

5

was sentenced to ten years with four years suspended for burglary as a class B felony. The PSI refers to an alcohol and drug program in connection with his sentence in 2003. Also in 2003, under a separate cause number, Wilson pled guilty to burglary as a class B felony, and the charges of carrying a handgun without a license as a class A misdemeanor, theft as a class D felony, resisting law enforcement as a class A misdemeanor, and battery as a class A misdemeanor were dismissed pursuant to a plea agreement. The court sentenced him to ten years with four years suspended to probation. The PSI again refers to an alcohol and drug program. In 2006, he was sentenced to three years for burglary as a class C felony and his probation for his prior sentences was revoked. In 2010, he pled guilty to burglary as a class B felony and theft as a class D felony, a charge of criminal conversion under another cause number was dismissed pursuant to a plea agreement, and the court sentenced him to ten years with four years suspended to probation. Wilson was on probation for burglary as a class B felony at the time of his arrest for the instant offenses. The PSI indicates that he is in the very high risk category to reoffend.

Wilson appears to focus on the sentence of twenty years for burglary as a class B felony and argues that the trial court improperly sentenced him to the maximum sentence of twenty years executed. We observe that while Wilson received the maximum sentence with respect to his class B felony conviction, the court ordered that the other sentences be served concurrent with his twenty-year sentence and did not order that Wilson serve the maximum sentence with respect to the habitual offender enhancement. See Ind. Code § 35-50-2-8(h) ("The court shall sentence a person found to be a habitual offender to an

6

additional fixed term that is not less than the advisory sentence for the underlying offense nor more than three (3) times the advisory sentence for the underlying offense. However, the additional sentence may not exceed thirty (30) years."). After due consideration of the trial court's decision and in light of Wilson's criminal history, we cannot say that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and the character of the offender.

## CONCLUSION

For the foregoing reasons, we affirm Wilson's sentence.

Affirmed.

ROBB, J., and BARNES, J., concur.